**PUBLISHED**

FILED:  April 17, 2002

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-2260
(CA-00-1268-A)

NOTRA TRULOCK, III; LINDA CONRAD,

Plaintiffs - Appellants,

versus

LOUIS J. FREEH, in his personal capacity; NEIL
GALLAGHER, in his personal capacity; STEVE
DILLARD, in his personal capacity; BRIAN
HALPIN, in his personal capacity; STEVEN CARR,
in his personal capacity; JANE DOE, I, in her
personal capacity,

Defendants - Appellees.

O R D E R

Appellants and appellees have filed petitions for rehearing and rehearing en banc.

Judges Michael, Gregory, and Legg voted to deny panel rehearing.

A member of the Court requested a poll on the petition for rehearing en banc filed by the defendants.  There was no request for a poll on the petition for rehearing en banc filed by the plaintiffs.

Judge Widener voted to grant the defendants' petition for rehearing en banc and Chief Judge Wilkinson and Judges Wilkins, Niemeyer, Luttig, Williams, Michael, Motz, Traxler, King and Gregory voted against rehearing en banc.

The Court denies the petitions for rehearing and rehearing en banc.

Entered at the direction of Judge Michael for the Court.

For the Court

/s/ Patricia S. Connor
Clerk

WIDENER, Circuit Judge, dissenting:

I respectfully dissent from the denial of the defendants' petition for rehearing.

The panel's decision to remand for further examination of Trulock's First Amendment retaliation claim other than for trivial causes, is based wholly on statements made by Sanchez at the time of the search that:

> Sanchez told Conrad, on behalf of the FBI, that there was a search warrant when there was none. Finally, two weeks after the incident, Sanchez told Conrad that if she initiated a lawsuit, Sanchez, to protect the "Bureau," would deny telling Conrad that the FBI claimed to have a search warrant. Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001).

And, earlier that day, when Conrad arrived at work

> Sanchez took her aside to say that the FBI wanted to question her about Trulock. Sanchez warned her that the agent had a warrant to search the townhouse and would break down the front door in the presence of the media, if she refused to cooperate. 275 F.3d at 398.

Sanchez, however, was not an employee of the FBI, rather of the Department of Energy. 275 F.3d 398. He was not even sued. 275 F.3d. at 391. The panel concluded as a fact, in examining the liability of Freeh, Gallagher and Dillard, all from the FBI, that:

> While the complaint alleges that Sanchez was speaking at the request of the FBI there is no allegation that any of these three individuals were personally complicit in Sanchez's alleged misrepresentations. 275 F.3d at 402.

Also in the panel decision is the finding with respect to the statement Sanchez made to Conrad at work

> Nor does the complaint allege that any of the five individual Defendants either directed Sanchez to make that threat or knew about it. 275 F.3d at 398.

These factual conclusions made by the panel and just quoted are, in my opinion, entirely inconsistent with liability on a First Amendment claim of retaliation.

With respect to the only two other items on which the panel based its remand other than the performance of Sanchez, timing and engaging in the search without a criminal referral from the Department of Energy, the district court reasoned that

> Other than the timing of the interrogation and search, the complaint presents no allegations that the actions by the defendants were other than a good faith effort to determine whether classified information was being unlawfully possessed.  275 F.3d at 399.

In my opinion nothing in this record shows that the above quotation from the district court's decision was erroneous. Because, at the worst for the defendants, there is a legitimate question as to whether their conduct constituted a Constitutional violation, they are entitled to qualified immunity.  <u>Wiley v. Doory</u>, 993, 995 (4th Cir. 1994).